UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | | Date | October 27, 2021 |
|---|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Re: Plaintiffs' Application for Temporary Restraining Order [DE 29]**

I.   **INTRODUCTION**

On September 26, 2021, thirteen Los Angeles Police Department employees ("Plaintiffs") filed a First Amended Complaint ("FAC") against the City of Los Angeles (the "City"), Eric Garcetti, Michael Moore, Matthew Szabo, and 50 Doe defendants (collectively, "Defendants"), alleging constitutional and statutory violations related to Defendants' vaccine mandate. On October 24, 2021, Plaintiffs filed the instant Application for Temporary Restraining Order ("TRO Application").

For the reasons set forth below, the Court **DENIES** Plaintiffs' TRO Application.

II.   **FACTUAL BACKGROUND**

On August 20, 2021, Los Angeles Mayor Eric Garcetti signed Los Angeles City Ordinance No. 1871342 (the "Ordinance"), mandating that City employees be "fully vaccinated for COVID-19, or request an exemption, and report their vaccination status . . . no later than October 19, 2021." (Ordinance No. 187134, Pls.' Ex. 1 at 006, ECF No. 29-1.) The vaccination and reporting requirements "are conditions of City employment," unless an employee is approved for a "qualified exemption." (*Id.* at 007.) "Qualified Exemptions" include "medical conditions/restrictions or sincerely held religious beliefs, practices, or observances that prevent [an employee] from receiving a COVID-19 vaccine." (*Id.* at 008.) All current and future City employees have a right to petition for an exemption, and each petition will be reviewed on a "case-by-case basis." (*Id.*) According to Defendants, the City emailed all employees a link to an online form on September 1, which employees could use for submitting a Notice of Intent to request an exemption. (Ortiz Decl. ¶ 4, ECF No. 33-2.) The City received Notices of Intent from all Plaintiffs between September 1 and September 7. (*Id.* ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | October 27, 2021 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

Plaintiffs and Defendants disagree whether the City provided a working method for submitting exemption requests. Plaintiffs argue that, up to the filing date of the TRO Application, Defendants never provided employees with a process for submitting exemption requests. (Garcia Decl., Pls.' Ex. 2 ¶¶ 5, 9, ECF No. 29-2.) Plaintiffs also submit as evidence an email, dated September 10, from the LAPD DOC Communications Division, which provides LAPD employees with a link to the Notice of Intent form and a brief description of the exemption process. (Intent to File Email, Pls.' Ex. 4, ECF No. 29-4.) The email required that employees submit their Notices of Intent by September 13. (*Id.*) Defendants argue that an online request portal has been active since September 1, remains active, and that all City employees received "Exemption Procedures" via email on September 22.[1] (Ortiz Decl. ¶¶ 4, 7, ECF No. 33-2.) Defendants further assert that any deadlines are "soft," and that employees continue to file Notices of Intent. (*Id.* ¶ 4.)

The parties also disagree on the information required for the exemption requests. According to Plaintiffs, employees seeking religious accommodations must "complete and sign the Request for Religious Exemption Form. The employee must also submit a completed Religious Accommodation Certification Form" signed by a third party such as their "religious organization . . . or person knowledgeable of their religious beliefs," supporting their request. (Exemption Procedures, Pls.' Ex. 5 at 3, ECF No. 29-5.) Employees seeking a medical accommodation must provide a statement from their healthcare provider, affirming that, *inter alia*, "the contraindications or precautions to COVID-19 vaccination recognized by the CDC . . . apply to me." (Medical Exemption Request Form, Pls.' Ex. 8 at 1, ECF No. 29-8.) Plaintiffs argue that requiring these forms to qualify for an exemption is unlawful.

Defendants argue that, rather than *requiring* a specific form for religious or medical exemptions, the City merely *prefers* its use; it will consider "any request," so long as the request "provides sufficient notice of an employee's inability to comply" with the vaccine mandate. (Ordinance, Pls.' Ex. 1 at 002, ECF No. 29-1.) According to Defendants, the City has accepted all applications for religious exemptions, whether or not the Religious Accommodation Certification Form is included. (Ortiz Decl. ¶¶ 10, 12, ECF No. 33-2.) Regarding the medical exemption forms, the City asserts that it follows guidance from the Centers for Disease Control ("CDC"), which is deferential to the individual's healthcare provider. (*Id.* ¶ 9.) To date, the City claims it has not rejected any exemption requests, and has taken no adverse employment action related to the requests. (*Id.* ¶ 11.) According to Defendants, any employee with a pending exemption request is not bound by the vaccination requirement until their request is either approved or denied, but must submit to bi-weekly COVID testing. (*Id.* ¶ 14.)

---

[1] Plaintiffs acknowledge receiving the Exemption Procedures, but argue they were not received until September 30. (Pls.' App. for TRO 15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | | Date | October 27, 2021 |
|---|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | | |

### III.   <u>JUDICIAL STANDARD</u>

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.*

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Even under the sliding scale test, however, a plaintiff must demonstrate imminent irreparable harm; a court must not issue a TRO without such a showing. *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### IV.   <u>DISCUSSION</u>

Plaintiffs seek a TRO ordering Defendants to: (1) immediately activate an online portal and/or designate a specific delivery point for written accommodation requests; (2) cease requirements that employees use the designated "Religious Exemption Form" and "Religious Accommodation Certification Form"; (3) cease the requirement that an employee may only qualify for a medical exemption if they have a contraindication to the COVID-19 vaccine; and (4) prohibit Defendants from taking adverse employment action against employees until their exemption requests have been fully considered. Plaintiffs assert that without the requested relief, they will suffer irreparable harm, since they will imminently be forced—without legally adequate exemption review—to choose between receiving a vaccine or facing an adverse employment action. The Court addresses each of Plaintiffs' requested forms of relief in turn, and for the reasons below, **DENIES** the TRO Application in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07296-RGK-JPR | Date | October 27, 2021 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

#### A.   Plaintiffs' Request that Defendants Activate an Online Portal or Designate a Specific Recipient for Written Accommodation Requests

Plaintiffs argue that they will suffer irreparable harm absent this requested relief, as "the online portal identified as the only way to submit request[s] for exemptions has never worked." (Pls.' App. for TRO 24.) Their argument is fatally undermined by the fact that all Plaintiffs apparently filed Notices of Intent to request exemptions well in advance of the September 13 deadline. (Ortiz Decl. ¶ 6.) Indeed, the City has received 5,148 Notices of Intent as of October 25, 2021. (*Id.* ¶ 5.) Both parties acknowledge that the City emailed copies of the "Exemption Procedures" and related forms to all employees who had previously filed Notices of Intent. (*Id.* ¶ 7; Pls.' App. for TRO 15.)  The Exemption Procedures explain that completed forms should be "submitted to the employee's Departmental Personnel Officer (DPO) or HR Director." (Exemption Procedures, Pls.' Ex. 5, at 3, 5, ECF No. 29-5.)

Plaintiffs have not carried their burden of showing irreparable harm as to a purported lack of online submission portal, particularly where all of them appear to have successfully submitted their Notices of Intent and received the Exemption Procedures.

#### B.   Plaintiffs' Request that Defendants Cease Requiring Specific Information for Religious Exemptions

Plaintiffs argue that the City's required religious exemption forms violate statutory law to the extent that the forms inquire about, and require third-party verification of, Plaintiffs' religious beliefs. Defendants note, however, that employees may request accommodation in any manner, as the City "must consider any request for . . . religious exemption," so long as it "provides sufficient notice" of the employee's inability to comply with the Ordinance. (Ortiz Decl. ¶ 8, ECF No. 33-2.) Also, the City's instructions specifically state that an exemption will be considered "based on the entirety of the application," and the City "has accepted, and will continue to accept" exemption requests "regardless of whether the request is accompanied by a completed Religious Accommodation Certification form." (*Id.* ¶ 10.)

Because Plaintiffs seek to remedy harm that is not likely to occur prior to a noticed preliminary injunction hearing, Plaintiffs' requested relief is premature. The City appears to be currently accepting religious exemption requests in any form, has yet to deny any exemption requests, and has taken no adverse employment action against any employees. At best, Plaintiffs have hinted at a possibility that forms lacking the requested information might be rejected sight-unseen by examiners, but have presented no evidence indicating that such harm is likely to occur before this Court could hold a preliminary injunction hearing.  A showing of "mere possibility" of harm is insufficient to justify the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | | Date | October 27, 2021 |
|---|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | | |

"extraordinary remedy" of a TRO. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

    **C.**    <u>**Plaintiffs' Request that Defendants Cease Limiting Medical Exemptions to CDC-Defined Contraindications**</u>

    Plaintiffs argue that Defendants have violated statutory law to the extent the medical exemption form limits acceptable exemptions to CDC-defined COVID-19 vaccine contraindications, excluding other possible disabilities. Plaintiffs' requested relief is premature for similar reasons as above. The City form allows employees seeking medical exemptions to "attach documents as necessary to provide any additional information you think may be helpful in processing" the requests. (Ortiz Decl. ¶ 9, ECF No. 33-2.) Defendants note that exemption examiners will follow CDC guidance, which is "deferential to the individual's healthcare provider." (*Id.*) According to Defendants, the City has not rejected any medical exemption requests or taken adverse action upon employees. (*Id.* ¶11.) Plaintiffs, on the other hand, presented no evidence that Defendants have taken, or imminently will take, negative action on medical exemption requests without considering all submitted information. Therefore, Plaintiffs cannot show a likelihood of irreparable harm in advance of a preliminary injunction hearing.

    **D.**    <u>**Plaintiffs' Request that Defendants Take No Adverse Action Until Fully Reviewing Exemption Requests**</u>

    Plaintiffs' final request for relief, like the others, is premature. Though Plaintiffs state that they unsuccessfully attempted to submit exemption requests, Defendants state that Plaintiffs' Notices of Intent were properly filed and provide specific filing dates for each Plaintiff. (Ortiz Decl. ¶ 6, ECF No. 33-2.) To this point, Defendants have accepted all Notices of Intent for exemptions, and the City has agreed that employees with pending requests are currently exempt from the vaccine requirement—including any potential adverse employment action—until the request is approved or denied. (*Id.* ¶ 11.) Therefore, Plaintiffs cannot presently establish a likelihood of imminent, irreparable harm.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | October 27, 2021 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Plaintiffs' TRO Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer       _____