UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction [DEs 42 and 43] |
|---|---|

## I. INTRODUCTION

On September 26, 2021, thirteen Los Angeles Police Department employees ("Plaintiffs") filed a First Amended Complaint ("FAC") against the City of Los Angeles (the "City"), Los Angeles Mayor Eric Garcetti ("Mayor Garcetti"), Chief of Los Angeles Police Department Michael Moore, and Los Angeles City Administrative Officer Matthew Szabo (collectively, "Defendants"). (*See* ECF No. 16.) Plaintiffs allege constitutional and statutory violations based on the City's COVID-19 vaccine mandate for City employees. (*Id.*) On November 9, 2021, Defendants filed a Motion to Dismiss. (*See* ECF No. 42.) On November 11, 2021, Plaintiffs filed a Motion for Preliminary Injunction. (*See* ECF No. 43.)

For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** *as moot* Plaintiffs' Motion for Preliminary Injunction.

## II. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are alleged in the FAC:

Plaintiffs are employees of the Los Angeles Police Department (and therefore the City). On August 20, 2021, Mayor Garcetti signed and approved Ordinance No. 187134 (the "Ordinance"), which implemented a policy requiring City department heads to track whether employees had been vaccinated against COVID-19. Under the Ordinance, employees are required to establish that they are fully vaccinated, subject to certain exemptions. The Ordinance set a deadline of October 20, 2021 for employees to report that they were fully vaccinated or had applied for either of the following exemptions: (1) a reasonable accommodation for a medical condition; or (2) a reasonable accommodation for sincerely held religious beliefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

Employees granted an exemption must still report their vaccination status, and exempted employees that are required to work in-person are subject to weekly COVID-19 testing requirements. These employees must also wear masks, physically distance from others, and receive COVID-19 vaccine training. The Ordinance also has conflicting language on whether exempt, unvaccinated employees will be given promotions, transfers, or appointments.[1]

On September 22, 2021, Defendants distributed a document titled "COVID-19 Vaccination Requirement Exemption Request Procedures." If an employee requests a religious exemption, he or she must submit two forms. The first, the "Religious Exemption Form," asks several questions to determine the employee's sincerity of belief, as well as how that belief conflicts with receiving the COVID-19 vaccine. The second, the "Religious Accommodation Certification Form," requires that a third-party explains, under penalty of perjury, the substance of the applicant's religious beliefs and why the belief forbids COVID-19 vaccination. Plaintiffs allege that they submitted medical or religious exemption requests and that the City has yet to process these requests.

### III. JUDICIAL STANDARD

#### A. 12(b)(6): Dismissal for Failure to State a Claim Upon Which Relief Can be Granted

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the

---

[1] Section 4.704 of the Ordinance states: "All candidates and applicants seeking . . . promotions or transfers . . . must meet the minimum qualification of being fully vaccinated or receive an exemption and report their vaccination status prior to the appointment, promotion, or transfer." By contrast, Section 4.704(a)(2) states: "[A]ll employees whose vaccination status is unvaccinated, partially vaccinated, or unreported shall be ineligible to promote or transfer until the employee has reported to the appointing authority that they have been fully vaccinated." (FAC Ex. 1, at 9, ECF No. 16-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B. Preliminary Injunction

The purpose of a preliminary injunction is generally to preserve the status quo pending a judgment on the merits. *Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### IV. JUDICIAL NOTICE

Defendants request (and Plaintiffs do not oppose) that the Court take judicial notice of the following documents:

- Exhibit A, Declaration of Erika Johnson-Brooks, with State Public Health Officer Order attached;
- Exhibit B, Declaration of Leticia Ortiz;
- Exhibit C, Memorandum of Understanding No. 24 By and Between The City of Los Angeles and The Los Angeles Police Protective League;
- Exhibit D, "Variant Proportions," Centers for Disease Control and Prevention;
- Exhibit E, "Morbidity and Mortality Weekly Report: Laboratory-Confirmed COVID-19 Among Adults Hospitalized with COVID-19-Like Illness with Infection-Induced or mRNA Vaccine-Induced SARS-CoV-2 Immunity – Nine States, January-September 2021," Centers for Disease Control and Prevention;
- Exhibit F: "Safety of COVID-19 Vaccines," Centers for Disease Control and Prevention;
- Exhibit G: "Delta Variant," Centers for Disease Control and Prevention;
- Exhibit H: "New CDC Study: Vaccination Offers Higher Protection than Previous COVID-19 Infection," Centers for Disease Control and Prevention;
- Exhibit I: "Antibody Testing is Not Currently Recommended to Assess Immunity After COVID-19 Vaccination: FDA Safety Communication," U.S. Food and Drug Administration;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

- Exhibit J: U.S. Food and Drug Administration's Pfizer vaccine approval letter

(*See* Request for Judicial Notice ("RJN"), Exs. A–J.)

While the scope of a court's review of a 12(b)(6) motion is typically limited to the contents of the complaint, a court may consider exhibits attached to or incorporated by reference in the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Courts may also "take judicial notice of matters of public record outside the pleadings." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). A fact is judicially noticeable if it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, when a court takes judicial notice of a public record when analyzing a motion to dismiss, it "cannot take judicial notice of *disputed facts* contained in such public records." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998–1003 (9th Cir. 2018) (emphasis added).

Exhibits A, G, H, I, and J all consist of publicly available guidelines, studies, or mandates authored by government agencies. Accordingly, the Court takes judicial notice of these documents, but only for the fact that these governmental guidelines exist and not for the truth of the scientific facts contained within (which Plaintiffs dispute).

Exhibit C is the Memorandum of Understanding that governs the conditions of Plaintiffs' employment. The document is publicly available and neither party disputes its contents. Accordingly, the Court also takes judicial notice of Exhibit C.

The Court need not consider the remaining documents contained within Defendants' Request for Judicial Notice to decide the Motions at issue. Therefore, the Court **GRANTS** *in part* the Request for Judicial Notice as to Exhibits A, C, G, H, I, and J, and **DENIES** *as moot* as to all other Exhibits.

## V.     DISCUSSION

### A.     Motion to Dismiss

Plaintiffs assert the following claims against Defendants: (1) violation of the Fourth Amendment (as incorporated against the states by the Fourteenth Amendment); (2) violation of the California Constitution's right to privacy provision; (3) violation of the right to substantive due process guaranteed by the Fourteenth Amendment; (4) a due process violation for failure to obtained informed consent to administer medical products under the Emergency Use Authorization ("EUA") statute; (5) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (6) violations of California's Fair Employment and Housing Act ("FEHA"). The Court considers each claim in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

1.   *Claim 1: Violation of the Fourth Amendment*

Plaintiffs allege that both the vaccine requirement and the testing requirement for exempted employees violate the Fourth Amendment. For the reasons below, the Court disagrees.

The Fourth Amendment protects against unreasonable searches and seizures. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). Though searches conducted without suspicion are typically prohibited, the Supreme Court has created exceptions for circumstances where the government has "special needs, beyond the normal need for law enforcement." *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987). Accordingly, alleged Fourth Amendment violations that are not related to law enforcement purposes are analyzed under the judicially-crafted special-needs rubric, not under the traditional search-and-seizure analysis. *See Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995) Such a search is constitutional when special, non-law-enforcement needs make obtaining a warrant or determining the existence of probable cause "impracticable." *Id.*

As a threshold matter, Plaintiffs do not assert, and the Court cannot find, any controlling case indicating that a vaccine-injection requirement is a "search" under the Fourth Amendment. Although Plaintiffs included allegations related to the vaccine mandate in their Fourth Amendment claim, their Opposition seems to concede the point, as it argues only that the weekly testing requirement is unreasonable. Accordingly, the Court addresses only whether the weekly testing requirement constitutes a reasonable special-needs search.

To determine whether a special-needs search is reasonable, a court must balance four factors: (1) the nature of the privacy interest affected; (2) the character of the intrusion; (3) the nature and immediacy of the government concern; and (4) the efficacy of this means of addressing the concern. *See id.* at 654–64. The Court addresses each factor in turn.

   a.   *Nature of the Privacy Interest Affected*

The "collection and testing of [bodily fluids] intrudes upon expectations of privacy that society has long recognized as reasonable." *Skinner v. Railway Labor Execs.' Ass'n*, 489 U.S. 602, 617 (1989). This expectation applies even if the test "does not include either a blood test or urinalysis." *Yin v. State of Cal.*, 95 F.3d 864, 870 (9th Cir. 1996). Accordingly, Plaintiffs' Fourth Amendment privacy rights are inarguably raised by a requirement that they submit to mandatory COVID-19 tests; either their mucus or saliva must be extracted in order to test for the virus.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

The expectation of privacy is reduced for employees in a workplace, however. *See O'Connor v. Ortega*, 480 U.S. 709, 709 (1987). When analyzing the privacy interest, the court must assess the interest "in the context of the employment relation." *Id.* at 717; *see also Vernonia*, 515 U.S. at 654 ("[T]he legitimacy of certain privacy expectations vis-à-vis the State may depend upon the individual's legal relationship with the State."); *Hatley v. Dep. of Navy*, 164 F.3d 602, 604 (Fed. Cir. 1998) ("It is generally established that employees responsible for the safety of others may be subjected to . . . testing, even in the absence of suspicion of wrongdoing.")

Plaintiffs here are public employees, and the majority are police officers that have "the safety of others . . . in [their] hands." *Hatley*, 164 F.3d at 604. Further, Plaintiffs have already agreed that, as a condition of employment, they may be subjected to randomized, suspicion-less drug tests—tests which are conducted via urinalysis, which is a far more invasive procedure than a nasal swab or saliva collection. (*See* Defs.' RJN, Ex. C, at 15–16, ECF No. 42-1.) While a contract may not extinguish a party's expectation of privacy, "[i]t is clear that [it] may under appropriate circumstances diminish" that expectation. *Yin*, 95 F.3d at 872. Considering Plaintiffs are entrusted with public safety and have contractually consented to searches that are more invasive than those required by COVID tests, Plaintiffs undoubtedly have a reduced privacy interest here. *See O'Connor*, 480 U.S. at 709.

        b.    *Character of the Intrusion*

While any intrusion into the body is an intrusion on one's privacy, "[t]he fact that an intrusion is negligible is of central relevance to determining reasonableness." *Maryland v. King*, 569 U.S. 435, 446 (2013). For example, a buccal (cheek) swab "involves but a light touch on the inside of the cheek; and although it can be deemed a search within the body . . . it requires no surgical intrusions beneath the skin." *Maryland v. King*, 569 U.S. 435, 446 (2013). Where an intrusion is brief, painless, and can be done "with a minimum of inconvenience or embarrassment," courts are less likely to find the intrusion unreasonable. *See Skinner*, 489 U.S. at 625. This is particularly so when the test can be performed "outside a hospital environment." *Id.*

Plaintiffs do not allege that either type of COVID-19 test—collection of saliva or a nasal swab— is particularly humiliating or painful. Rather, they state in conclusory fashion that the weekly testing is "intrusive." (*See* FAC ¶ 37.) This Court, like other courts to have considered the issue, finds both tests to be negligible intrusions. *See Streight v. Pritzker*, 2021 WL 4306146, at *6 (N.D. Ill. Sep. 22, 2021) ("The saliva PCR test is one of the most minimally-invasive tests available, as it only requires a small vial of saliva and can be completed in a public setting, unlike blood or urine tests."). While the nasal swab is perhaps slightly more intrusive than the saliva test, it still "is performed in a matter of seconds; is not painful; and does not involve '[a body part or] function traditionally shielded by great privacy." *Aviles v. Blasio*, 2021 WL 796033, at *22 (S.D.N.Y. March 2, 2021.) Both tests hew far more closely to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

the buccal swab of *Maryland v. King*—a "negligible" intrusion—than to the random urinalysis that Plaintiffs are already subjected to as a condition to employment. 469 U.S. at 446; *see also Yin*, 95 F.3d at 870 (holding that urinalysis and blood tests are more intrusive than a standard medical exam). Accordingly, this factor weighs towards a finding of reasonableness.

        c.     *Nature and Immediacy of the Government Concern*

Plaintiffs do not attempt to allege that the City's concern here is neither immediate nor great. Indeed, documents cited in the FAC highlight the continued need to contain the spread of COVID-19. For example, Plaintiffs cite a study published by the Centers for Disease Control and Prevention ("CDC") stating that "[v]ariants of SARS-CoV-2 continue to emerge," and recommending that "[j]urisdictions might consider expanding prevention strategies." Catherine M. Brown, DVM, et al, *Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings – Barnstable County, Massachusetts, July 2021*, Centers for Disease Control and Prevention (Aug. 6, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7031e2.htm?s_cid=mm7031e2_w.[2]

The Court joins other courts in finding that this factor supports the reasonableness of a testing regime. *See, e.g., Streight*, 2021 WL 4306146, at *6 ("The nature and immediacy of the government concern here is great . . . [based in part on] rising numbers of COVID-19 cases and hospitalizations."); *Guilfoyle v. Beutner*, 2021 WL 4594780, at *20 (C.D. Cal. Sep. 14, 2021) (holding that "efforts to keep the District's student body and staff protected from the COVID-19 virus during the ongoing COVID-19 pandemic" justified a testing regime); *Aviles*, 2021 WL 796033 at *23 ("[T]he nature and immediacy of the governmental concern could hardly be more compelling. The random testing program is designed to control the spread of the COVID-19 virus in schools and in the larger community.")

        d.     *Efficacy and Means of Addressing the Concern*

The FAC also does not allege that COVID-19 testing is an ineffectual means of containing the spread of COVID-19. While much of the FAC is dedicated to challenging the efficacy of the *vaccine* mandate, only the testing regime is at issue in Plaintiffs' Fourth Amendment claim. To that end, Plaintiffs allege several times that a vaccine requirement is not needed *because testing has worked to*

---

[2] When analyzing a motion to dismiss, courts may consider documents incorporated by reference in the complaint "in situations where the . . . contents of the document are alleged in the complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Unlike with judicial notice, "a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss." *Khoja*, 899 F.3d at 1003. Here, Plaintiffs allege the contents of the document in their complaint (*see* FAC ¶ 39), the document's authenticity is not in question (it is published by a governmental authority and publicly available), and Defendants have not disputed its relevance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

*contain the spread of the disease.* (*See, e.g.*, FAC ¶ 42 ("The City also fails to address quarantine as an effective measure *upon a positive COVID-19 test result*.") (emphasis added); *id.* ¶ 43 ("The City acknowledges in the Ordinance that non pharmaceutical interventions . . . *such as testing* . . . are adequate safety measures to protect the peace, health, and safety of the employee, fellow employees, or the community.") (emphasis added); *id.* ¶50 ("[T]he City relied on weekly testing for unvaccinated people as the primary means of protecting the peace, health, and safety of . . . the community. The City presents no evidence that the peace, health, and safety of City employees or the community in general has been compromised in any way by using non-pharmaceutical interventions.").) Based on Plaintiffs' own allegations, the Court finds that this factor favors a finding of reasonableness.

        e.     *Conclusion*

Balancing the *Vernonia* special-interest factors and considering the allegations in the FAC in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to state a claim that the City's weekly testing requirement violates the Fourth Amendment.

        2.     <u>*Claim 2: Violation of the California Constitution's Right to Privacy*</u>

Plaintiffs' second claim alleges that the Ordinance violates the California Constitution's right to privacy for two reasons: (1) it forces Plaintiffs to disclose their private medical information; and (2) forces them to receive an unwanted medical treatment. Defendants counter that Plaintiffs cannot plead a *prima facie* right-to-privacy claim, and even if they could, the invasion here is justified by the government's countervailing interest. The Court agrees with Defendants.

Unlike the United States Constitution, the California Constitution contains an express right to privacy. *See Hill v. Nat. Collegiate Athletic Ass.*, 7 Cal. 4th 1, 20 (1994). The protection, however, is far from absolute, and must be balanced against "other important interests." *Id.* at 37. To survive a motion to dismiss, the plaintiff must plead the following threshold elements: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Id.* at 39–40. A defendant may defeat a state constitutional privacy claim either by "negating any of the three elements" or by showing "that the invasion of privacy is justified because it substantially furthers one or more countervailing interests." *Id.* at 40. When "the state asserts important interests in safeguarding health," the challenged law is reviewed under the "rational basis standard. In the area of health and health care legislation, there is a presumption both of constitutional validity and that no violation of privacy has occurred." *Coshow v. City of Escondio*, 132 Cal. App. 4th 687, 712 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

The Ordinance directly relates to health care, and Plaintiffs are unable to show that it is not at least rationally related to the state's interest in preventing the spread of COVID; in other words, they cannot defeat the "presumption of constitutional validity." *Id.* California courts have recently analyzed right-to-privacy challenges to a universal vaccine mandate for schoolchildren. In two cases holding that plaintiffs had failed to state a claim, the courts noted that the California right to privacy is "no more sacred than any other fundamental rights that have readily given way to a State's interest in protecting the health and safety of its citizens." *Love v. State Dept. of Educ.*, 29 Cal. App. 5th 980, 994 (2018); *see also Brown v. Smith*, 24 Cal. App. 5th 1135, 1146–47 (2018). Indeed, "compulsory immunization has long been recognized as the gold standard for preventing the spread of contagious diseases." *Brown*, 24 Cal. App. 5th at 1148. The vaccine mandate at issue in *Love* and *Brown* was stricter than the Ordinance here, forbidding a child to attend school unless immunized against at least "10 specific diseases and any other disease deemed appropriate," with no exemption for personal religious beliefs. *Love*, 29 Cal. App. 5th at 865. Nonetheless, the *Love* and *Brown* courts affirmed dismissal of the plaintiffs' claims.

The Court follows the guidance of these California courts in applying California law and holds that Plaintiffs have failed to state a claim for right to privacy violations.[3]

        3.    *Claim 3: Violations of the Right to Substantive Due Process Guaranteed by the Fourteenth Amendment*

In their third claim, Plaintiffs allege that the Ordinance treads upon their "fundamental rights to bodily integrity" and their "property interests associated with their employment by the City." (FAC ¶¶ 116, 121.) Because the Ordinance impinges upon fundamental rights, they argue, it must be analyzed with strict scrutiny, and it fails that demanding test. Defendants counter that there has never been a fundamental right to refuse vaccination or to governmental employment, and therefore the Court should review the Ordinance under the rational basis standard. The Court agrees with Defendants and finds that the Ordinance passes the rational basis test.

The right to substantive due process provided by the Fourteenth Amendment "protects individuals from arbitrary deprivation of their liberty by government." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013). Heightened protection under substantive due process applies to "those fundamental rights which are deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 719–20 (1997). Thus, when the government infringes upon a fundamental right, a court must apply a strict scrutiny analysis to determine whether the law passes

---

[3] Plaintiffs make much of the fact that *Love* and *Brown* discuss vaccine mandates for schoolchildren, arguing that the reduced privacy interest that children have at school clearly distinguishes those mandates from the Ordinance. For the reasons discussed in the Fourth Amendment analysis, however, Plaintiffs, who are responsible for public safety and have contractually agreed to randomized invasive drug testing, have a similarly reduced privacy interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

constitutional muster. *Id.* at 721. When the government infringes upon non-fundamental rights, however, the alleged infringement needs merely to pass a rational basis analysis. *Id.* at 722. Under rational basis analysis, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

The Supreme Court has long rejected a fundamental right to refuse vaccination. *See Jacobson v. Massachusetts*, 197 U.S. 11 (1905). After all, the "liberty secured by the Constitution . . . does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint." *Id.* at 26. Communities have "the right to protect [themselves] against an epidemic of disease which threatens the safety of [their] members." *Id.* at 27. It is not the judiciary's role to determine the most effective method of protecting the public from disease; that responsibility rests with the other branches of government "to determine in the light of all the information" they can obtain. *Id.* at 30.

There is also no fundamental right to continued governmental employment. When the state acts as employer, the court must consider the "crucial difference . . . between the government exercising the power to regulate or license, as lawmaker, and the government acting as proprietor, to manage [its] internal operation." *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 598 (2008). Therefore, the Supreme Court has applied rational basis analysis to claims brought by government employees. *See, e.g., Kelley v. Johnson*, 425 U.S. 238, 244–48 (1976); *see also Engquist*, 553 U.S. at 599 ("Given the common-sense realization that government offices could not function if every employment decision became a constitutional matter, constitutional review of government employment decisions must rest on different principles than review of . . . restraints imposed by the government as sovereign.").

Because neither of Plaintiffs' claimed rights is fundamental, the Court applies the rational basis test to the Ordinance. In other words, the Ordinance will pass constitutional muster so long as there is a "legitimate state interest" and the Ordinance is rationally related to that interest. *City of Cleburne*, 473 U.S. at 440. As an initial matter, there is no question that the city's interest in preventing the spread of COVID-19 is not merely legitimate; it is "unquestionably . . . compelling." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). The only remaining question, then, is whether the Ordinance is rationally related to this interest. Plaintiffs allege that several scientific studies have found that the vaccines are in fact less effective than the natural antibodies they have obtained after previously contracting COVID-19, and that those who are vaccinated continue to "transmit the virus at concerning levels." (FAC ¶¶ 14, 31–35.) Unfortunately for Plaintiffs, "[t]he Due Process Clause does not require scientific consensus to justify government action." *Guilfoyle*, 2021 WL 4594780, at *16; *see also United States v. Navarro*, 800 F.3d 1104, 1114 (9th Cir. 2015) ("[R]ational basis review allows for decision based on rational speculation unsupported by evidence or empirical data."). Because the Ordinance follows guidelines from governmental organizations such as the CDC, the Food and Drug

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

Administration ("FDA"), and the California Department of Public Health, the Court finds that the City's decisionmakers could conclude that the Ordinance was at least rationally related to controlling the spread of COVID-19. (*See* Request for Judicial Notice, Exs. A, G–I.)

Accordingly, Plaintiffs fail to state a claim for violation of their substantive due process rights.[4]

    4.    *Claim 4: Violations of Due Process Based on the EUA Statute*

Plaintiffs also allege that the Ordinance violates their due process rights because the Emergency Use Authorization ("EUA") statute "mandates informed and voluntary consent." (FAC ¶ 136.) Because the Ordinance requires Plaintiffs to obtain the vaccine without consenting, Plaintiffs argue, it acts to improperly supersede the requirements of the EUA statute. The Court disagrees.

The EUA statute allows the FDA to authorize emergency use of a vaccine that has yet to receive full FDA approval. *See* 21 U.S.C. § 360bbb-3(a)(2). Before a health provider may administer an unapproved product, however, they must give a patient "the option to accept or refuse administration." *Id.* § 360bbb-3(e)(1)(A)(ii)(III).

The Pfizer vaccine has received full FDA approval, and is no longer merely authorized under the EUA statute. (*See* RJN, Ex. J.) Therefore, the informed consent requirements of the EUA statute do not apply to the Pfizer vaccine. In addition, the informed consent requirement "only applies to medical providers." *Klaassen*, 2021 WL 3073926, at *25. The statutory provisions do not apply to an employer when the employer is not "directly administering the vaccine." *See id.* Because the Pfizer vaccine now has full FDA authorization and the relevant provisions of the EUA statute apply only to medical providers (and not employers like the City), Plaintiffs fail to state their fourth claim.

---

[4] To the extent Plaintiffs argue that the mandate is an unconstitutional condition, they are also incorrect. Under the unconstitutional conditions doctrine, "the government may not deny a benefit to a person because he exercises a constitutional right." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013). A "hard choice doesn't amount to coercion," however, and a person's liberty interest may be confined by "the state's legitimate interests that it had rationally pursued in regulation." *Klaassen v. Trustees of Ind. Univ.*, 2021 WL 3073926, at *23, 25 (N.D. Ind. Jul 18, 2021), *aff'd by Klaassen v. Trustees of Ind. Univ.*, 7 F.4th 592 (7th Cir. 2021). In other words, a government entity does not impose an unconstitutional condition by enforcing a duly enacted, constitutional law. The Court has found that the Ordinance is constitutional, so there can be no unconstitutional condition here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

      5.    *Claims 5 and 6: Violations of Title VII and the Fair Employment and Housing Act*

      Plaintiffs' fifth and sixth claims are for religious discrimination in violation of Title VII and FEHA.[5] Defendants argue that Plaintiffs have not alleged facts sufficient to establish a *prima facie* case of religious discrimination. The Court agrees.

      Title VII and FEHA make it unlawful for an employer to discriminate against an employee based on their religion. *See* 42 U.S.C. § 2000e-2(a); Cal. Gov. Code § 12940(a). To plead a *prima facie* case of religious discrimination, a plaintiff must allege facts that plausibly demonstrate: (1) he holds a "bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed the employer of that belief and conflict; and (3) the employer threatened the employee with or subjected him to discriminatory treatment, including discharge, because of an inability to fulfill the job requirements." *E.E.O.C. v. AutoNation USA Corp.*, 52 Fed. App'x 327, 329 (9th Cir. 2002).

      Here, Plaintiffs fail to allege facts sufficient to satisfy the third element. While Plaintiffs allege that they have submitted requests for religious exemptions, at no point in the FAC do they state that those requests have been denied or are likely to be denied. Without allegations that Defendants have not, or are not likely to, deny Plaintiffs' requests for accommodation, Plaintiffs do not plausibly allege that Defendants have discriminated, or threatened to discriminate, against them. In their Opposition (but not the FAC), Plaintiffs point to Section 4.704 of the Ordinance, which may prohibit unvaccinated employees from receiving promotions or transfers. (Pls.' Opp. to Mot. Dismiss, at 25, ECF No. 50.) However, neither the FAC nor the Opposition contain specific allegations that any of the thirteen plaintiffs have been passed for promotion, are likely to be passed for promotion, or even have the potential to be passed for promotion because of their refusal to become vaccinated.

      Because Plaintiffs have failed to state a claim under Title VII or FEHA, the Court dismisses both claims. However, the Court finds that Plaintiffs may be able to allege that one or more of them have specifically been threatened with or subjected to discriminatory treatment. Because amendment will not necessarily be futile, the Court grants Plaintiffs leave to amend these claims.

      **B.**    **Motion for Preliminary Injunction**

      Because no claim survives the Motion to Dismiss, the Court **DENIES** *as moot* Plaintiffs' Motion for Preliminary Injunction.

---

[5] Courts analyze Title VII and FEHA claims identically. *Dykzeul v. Charter Comms., Inc.*, 2019 WL 8198218, at *3 (C.D. Cal. Nov. 18, 2019). As such, the Court analyzes the claims together.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07296-RGK-JPR | Date | January 7, 2022 |
|---|---|---|---|
| Title | *Jason Burcham, et al. v. City of Los Angeles, et al.* | | |

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiffs are granted leave to amend only the claims alleging Title VII and FEHA violations. If Plaintiffs choose to amend, they must file an amended complaint no later than January 14, 2022.

Because the Court dismisses all of Plaintiffs' claims as currently alleged, Plaintiffs' Motion for Preliminary Injunction is **DENIED** *as moot.*

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____